**VIRGINIA:**

### BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD

**IN THE MATTER OF**                                    **VSB DOCKET NO. 26-000-138278**
**JOHN SIMON LOPATTO, III**

### AGREED DISPOSITION MEMORANDUM ORDER
### REVOCATION

On April 29, 2026, this matter was heard, telephonically, by the Virginia State Bar Disciplinary Board (the "Board") upon the joint request of the parties for the Board to accept the Agreed Disposition signed by the parties and offered to the Board as provided by Part Six, Section IV, Paragraph 13-6.H of the Rules of the Supreme Court of Virginia. The panel consisted of Adam M. Carroll, 2nd Vice Chair (the "Chair"); Yvonne S. Gibney; Reiss F. Wilks; Alan S. Anderson; and Reba H. Davis, Lay Member. The Virginia State Bar was represented by Joseph M. Caturano, Jr., Assistant Bar Counsel. John Simon Lopatto, III (the "Respondent") was present and was represented by counsel, Dennis J. Quinn. The Chair polled the members of the Board as to whether any of them were aware of any personal or financial interest or bias which would preclude any of them from fairly hearing this matter to which each member responded in the negative. Beverly Horne, court reporter, Chandler and Halasz, P.O. Box 9349, Richmond, Virginia 23227, telephone (804) 730-1222, after being duly sworn, reported the hearing and transcribed the proceedings.

**WHEREFORE**, upon consideration of the Agreed Disposition, the Rule to Show Cause and Order of Summary Suspension, and the Respondent's Disciplinary Record, the arguments of the parties, and after due deliberation,

It is **ORDERED** that the Board accepts the Agreed Disposition and the Respondent shall receive a Revocation, as set forth in the Agreed Disposition, which is attached and incorporated

in this Memorandum Order.

It is further **ORDERED** that the sanction is effective April 29, 2026.

It is further **ORDERED** that the Respondent must comply with the requirements of Part Six, Section IV, Paragraph 13-29 of the Rules of the Supreme Court of Virginia. The Respondent shall forthwith give notice by certified mail of the Revocation of his license to practice law in the Commonwealth of Virginia, to all clients for whom he is currently handling matters and to all opposing Attorneys and presiding Judges in pending litigation. The Respondent shall also make appropriate arrangements for the disposition of matters then in his care in conformity with the wishes of his clients. The Respondent shall give such notice immediately and in no event later than fourteen (14) days of the effective date of the Revocation, and make such arrangements as are required herein as soon as is practicable and in no event later than forty-five (45) days of the effective date of the Revocation. The Respondent shall also furnish proof to the Clerk of the Disciplinary System of the Virginia State Bar within sixty (60) days of the effective date of the Revocation that such notices have been timely given, and such arrangements have been made for the disposition of matters.

It is further **ORDERED** that if the Respondent is not handling any client matters on the effective date of the Revocation, he shall submit an affidavit to that effect within sixty (60) days of the effective date of the Revocation to the Clerk at the Virginia State Bar. The Board shall decide all issues concerning the adequacy of the notice and arrangements required herein. The burden of proof shall be on the Respondent to show compliance.

It is further **ORDERED** that pursuant to Part Six, Section IV, Paragraph13-9.E, of the Rules of the Supreme Court of Virginia, the Clerk shall assess all costs against the Respondent.

It is further **ORDERED** that an attested copy of this Order be mailed by the Clerk to the

Respondent by electronic, first-class and certified mail, return receipt requested, to his Virginia State Bar address of record, at 803 Gibbon Street Alexandria, VA 22314-4115, and a copy by electronic mail to Dennis J. Quinn, Respondent's Counsel and a copy by electronic mail to Joseph M. Caturano, Jr., Assistant Bar Counsel.

ENTERED THIS 29th DAY OF APRIL, 2026

VIRGINIA STATE BAR DISCIPLINARY BOARD

Adam M. Carroll
2nd Vice Chair

RECEIVED

Apr 22, 2026

VIRGINIA STATE BAR
CLERK'S OFFICE

VIRGINIA:

BEFORE THE DISCIPLINARY BOARD
OF THE VIRGINIA STATE BAR

IN THE MATTER OF
JOHN SIMON LOPATTO, III                    VSB Docket No. 26-000-138278

AGREED DISPOSITION
(REVOCATION)

Pursuant to the Rules of the Supreme Court of Virginia, Part 6, § IV, ¶ 13-6.H, the

Virginia State Bar by Joseph M. Caturano, Jr., Assistant Bar Counsel; Dennis J. Quinn,

Esquire, counsel for John Simon Lopatto, III; and John Simon Lopatto, III ("Respondent");

enter the following Agreed Disposition arising out of this matter now pending before the

Disciplinary Board of the Virginia State Bar pursuant to Part 6, § IV, ¶ 13-24 of the Rules of

the Supreme Court of Virginia.

## I.    STIPULATIONS OF FACT

1.    Respondent was licensed to practice law in the District of Columbia on November

17, 1978, and the Commonwealth of Virginia on April 30, 1992.

2.    On December 4, 2025, Respondent consented to disbarment in the District of

Columbia. (D.C. DDN: 2023-D111; D.C. Board Docket No. 25-BD-066). See: Exhibit A

attached hereto. In the Consent to Disbarment, Respondent acknowledged that his consent was

freely and voluntarily rendered, that he was not subject to coercion or duress, and that he was

fully aware of the implications of consenting to disbarment. Respondent also acknowledged that

he was aware of an investigation by the District of Columbia Bar into allegations of misconduct.

3.    The alleged misconduct included violating Rule 1.15(a) of the D.C. Rules of Professional Conduct[1] by engaging in at least reckless misappropriation of entrusted funds. Respondent acknowledged the material facts upon which the allegations of misconduct on Rule 1.15(a) of the D.C. Rules of Professional Conduct were predicated are true.  Respondent concluded in the Consent to Disbarment that if disciplinary proceedings on the alleged misconduct were brought, he could not successfully defend against the disciplinary proceedings.

4.    On December 9, 2025, the Board on Professional Responsibility of the District of Columbia Court of Appeals issued a Report and Recommendation.  See:  Exhibit B attached hereto.  In the Report and Recommendation, the Board acknowledged review of the Respondent's affidavit consenting to disbarment and found that it conformed to the requirements of D.C. Bar R. XI, § 12 and Board Rule 16.1.  Accordingly, the Board recommended that the District of Columbia Court of Appeals enter an order disbarring Respondent on consent pursuant to D.C. Bar R. XI, § 12(b).

5.    On January 8, 2026, the District of Columbia Court of Appeals entered an Order that disbarred Respondent by consent pursuant to D.C. Bar R. XI, § 12.  See:  Exhibit C attached hereto.

6.    On January 9, 2026, the Office of Disciplinary Counsel for the District of Columbia notified the Virginia State Bar of the Order of the District of Columbia Court of Appeals of January 8, 2026.  See:  Exhibit D attached hereto.

---

[1] A lawyer shall hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from the lawyer's own property. Funds of clients or third persons that are in the lawyer's possession (trust funds) shall be kept in one or more trust accounts maintained in accordance with paragraph (b). Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation. Rule 1.15(a) of the D.C. Rules of Professional Conduct.

7.     On February 25, 2026, Respondent, through counsel, executed a Consent to Disclose authorizing Disciplinary Counsel of the District of Columbia to disclose information and documents to the Virginia State Bar pertaining to his disbarment in the District of Columbia pursuant to D.C. Bar Rule XI, § 12(c) and D.C. Board on Professional Responsibility Rule 16.3. See: Exhibit E attached hereto.

8.     Respondent stipulates and agrees that the Disciplinary Board of the Virginia State Bar should impose the same discipline, revocation of his law license, imposed by the District of Columbia Court of Appeals, pursuant to Part 6, § IV, ¶ 13-24 of the Rules of the Supreme Court of Virginia.

II.     PROPOSED DISPOSITION

Accordingly, Joseph M. Caturano, Assistant Bar Counsel; Dennis J. Quinn, Esquire, counsel for John Simon Lopatto, III; and John Simon Lopatto, III; tender to the Disciplinary Board of the Virginia State Bar for its review and approval this Agreed Disposition of a Revocation of Respondent's law license in the Commonwealth of Virginia.

Bar Counsel, counsel for Respondent and Respondent agree that the effective date for the sanction herein contained shall be the date of entry of the Disciplinary Board Order approving this Agreed Disposition.

If the Agreed Disposition is approved, the Clerk of the Disciplinary System shall assess costs pursuant to Part 6, § IV, ¶ 13-9.E of the Rules of the Supreme Court of Virginia.

3.     I submit this consent because I know that if disciplinary proceedings based on the alleged misconduct were brought, I could not successfully defend against them.

John S. Lopatto

## VERIFICATION

I verify under penalty of perjury that the foregoing is true and correct. Executed on December 4, 2025.

John S. Lopatto

2



Issued
December 9, 2025

THIS REPORT IS NOT A FINAL ORDER OF DISCIPLINE*

### DISTRICT OF COLUMBIA COURT OF APPEALS
### BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of:                              :
                                               :
    JOHN S. LOPATTO, III                 :
                                               :    Board Docket No. 25-BD-066
Respondent.                                    :    Disciplinary Docket No. 2023-D111
                                               :
A Member of the Bar of the                     :
District of Columbia Court of Appeals          :
(Bar Registration No. 965426)                  :

### REPORT AND RECOMMENDATION
### OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This matter is before the Board on Professional Responsibility (the "Board") on Disciplinary Counsel's Motion to Accept Respondent's Consent to Disbarment pursuant to D.C. Bar R. XI, § 12(a) and Board Rule 16.1. Respondent's affidavit consenting to disbarment, executed on December 4, 2025, is attached to Disciplinary Counsel's motion.

The Board, acting through its Chair, and pursuant to D.C. Bar R. XI, § 12(b) and Board Rule 16.2, has reviewed Respondent's affidavit consenting to disbarment and finds that it conforms to the requirements of D.C. Bar R. XI, § 12(a). Accordingly, the Board recommends that the Court enter an order disbarring Respondent on consent pursuant to D.C. Bar R. XI, § 12(b).

* Consult the 'Disciplinary Decisions' tab on the Board on Professional Responsibility's website (www.dcattorneydiscipline.org) to view any prior or subsequent decisions in this case.

VSB
EXHIBIT

B

The Board further recommends that in the Court's order of disbarment, Respondent be reminded of the provisions of D.C. Bar R. XI, §§ 14 and 16, including the requirement to file the affidavit under D.C. Bar R. XI, § 14(g), and that the period of disbarment will not be deemed to run for purposes of reinstatement until a compliant affidavit is filed.[1]  *See* D.C. Bar R. XI, § 16(a); *In re Slosberg*, 650 A.2d 1329, 1331-33 (D.C. 1994).

BOARD ON PROFESSIONAL RESPONSIBILITY

By: *Robert L. Walker*

Robert L. Walker
Chair

---

[1] Pursuant to Board Rule 9.8(a), Disciplinary Counsel's motion has provided Respondent with notice of Disciplinary Counsel's intent to present evidence of unadjudicated acts at any future reinstatement hearing

2

**RECEIVED**

**Feb 6, 2026**

**VIRGINIA STATE BAR
CLERK'S OFFICE**

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.   Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 25-BG-1129**

IN RE JOHN S. LOPATTO, III, ESQUIRE,
                    Respondent.
A Member of the Bar of the District
of Columbia Court of Appeals
**Bar Registration No. 965426**

FILED 01/08/2026
District of Columbia
Court of Appeals
Julio A. Castillo
Clerk of Court

**DDN: 2023-D111**
**BDN: 25-BD-066**

BEFORE:   Easterly and Deahl, Associate Judges, and Thompson, Senior Judge.

### O R D E R
(FILED—January 08, 2026)

On consideration of the affidavit of respondent John S. Lopatto, III, Esquire, wherein he consents to disbarment; the report and recommendation of the Board on Professional Responsibility; and the Board's consent motion for leave to file under seal Disciplinary Counsel's lodged motion to accept respondent's consent to disbarment, which includes as an attachment his affidavit consenting to disbarment; it is

ORDERED that respondent John S. Lopatto, III, is hereby disbarred by consent.  *See* D.C. Bar R. XI, § 12(a).  It is

FURTHER ORDERED that the Board's motion to file under seal is granted, and the Clerk shall file the lodged documents under seal.  *See id.* § 12(c).  It is

FURTHER ORDERED that respondent's attention is drawn to the requirements relating to disbarred attorneys, including the filing of the required affidavit, and to the provisions relating to eligibility for reinstatement.  *See id.* §§ 14, 16.  It is

FURTHER ORDERED that the Clerk shall publish this order and transmit a copy thereof to respondent, Disciplinary Counsel, and the Board.

### PER CURIAM



VSB
EXHIBIT

C